IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :

     v.                                                CRIMINAL ACTION
                              :           NO. 08-731-1
HARRY JACKSON

                              :

**<u>MEMORANDUM</u>**

**Jones, II   J.**                                                    **May 25, 2016**

## I.      Introduction

On December 11, 2008, an Indictment was filed against Defendant and his co-defendant, Jeffrey Prout, charging Defendant with one count each of: Conspiracy to Interfere with Interstate Commerce by Robbery; (2) Interference with Interstate Commerce by Robbery / Aiding and Abetting; and, (3) Use of a Firearm During a Crime of Violence / Aiding and Abetting. (Doc. No. 11.)  Trial was set for February 12, 2009 and was subsequently continued to May 26, 2009 due to appointment of new counsel for Defendant.  Although pretrial materials were filed, Defendant elected to enter an open plea of guilty as to all charges on May 26, 2009.

Defendant's sentencing was held on October 5, 2009, at which time the court heard extensive argument and listened to the testimony of several character witnesses.  After considering same in conjunction with the Presentence Investigation Report, the court imposed a sentence of 51 months imprisonment on Count 1, followed by a mandatory consecutive 84- month term of imprisonment on Count 3.  This sentence was within the Guidelines range.

1

On October 12, 2009, trial counsel filed a direct appeal on behalf of Defendant and on August 17, 2010, judgment was affirmed.  On August 12, 2011, Defendant prepared a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 56).  A hearing was held and on July 23, 2013, Defendant's Motion was denied.[1]  (Doc. No. 71.) Defendant filed a *pro se* Motion for Leave to File Notice of Appeal (Doc. No. 72), which Judge McLaughlin denied.  Defendant then filed a motion under Fed.R.Crim.P. 60(b)(1), alleging the court failed to address all of the issues presented in his § 2255 motion.  The court similarly denied said Motion and directed the Clerk of Court to close the case, finding there existed no basis for issuance of a Certificate of Appealability.  (Doc. No. 76.)  On August 6, 2014, Defendant filed a pro se Notice of Appeal, resulting in the issuance of a remand Order on October 5, 2015.  (Doc. No. 80.)  Inasmuch as the specific issues remanded for consideration have been waived and/or are without merit and Judge McLaughlin fully addressed the first issue raised by Defendant in his § 2255 motion (Doc. No. 71), said Motion shall be denied in its entirety.

## II.    Standard of Review

It is well settled that:

> Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Under this provision, relief is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.*"*

---

[1]  This case was originally assigned to and presided over by the Honorable Mary A. McLaughlin.  The matter was reassigned to this Court on remand due to Judge McLaughlin's retirement from the bench.  (Doc. No. 82.)

*United States v. Crawford*, Crim. Action No. 06-377-5, 2015 U.S. Dist. LEXIS 124179, at \*4 (E.D. Pa. Sept. 16, 2015) (citing *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989); 28 U.S.C. § 2255(a)).  To that end, "[a] federal prisoner is procedurally barred from collaterally attacking his sentence under § 2255 when the attack is based upon issues that could have been objected to at trial or that could have been, but were not raised on direct appeal."  *Id.* at \*17 n.2 (citations omitted).  Similarly, "Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors."  *Armstrong v. United States*, 382 F. Supp. 2d 703, 706 (E.D. Pa. 2005) (internal quotation marks and citation omitted).

When assessing motions such as these, "A district court . . . must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. Pa. 2015).  However, "[a] § 2255 motion generally may not be employed to re-litigate issues that were raised and considered on direct appeal absent exceptional circumstances, such as an intervening change in the law." *United States v. Bailey*, Crim. No. 04-24, 2011 U.S. Dist. LEXIS 5136, at \* 9 (W.D. Pa. Jan. 19, 2011) (citing *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993)); *see also United States v. Franklin*, 213 F. Supp. 2d 478, 490 (E.D. Pa. 2002) ("Issues resolved in a prior appeal cannot be reviewed again by way of a § 2255 motion.") (citation omitted).

"In the [ineffective assistance of counsel] context, a movant need only raise[] sufficient allegations that his counsel was ineffective in order to warrant a hearing."  *Id.* (internal quotation marks omitted) (internal citations omitted).  To establish ineffective assistance, a defendant must demonstrate the existence of two elements:

The first prong requires the movant to show "that counsel made errors so

serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." To establish *Strickland's* second prong, the movant must "show[] that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." This equates to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (internal citations omitted).

"Under *Strickland*, counsel is presumed to have acted within a range of 'reasonable professional assistance,' and the defendant carries the burden of 'overcoming the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Crawford*, 2015 U.S. Dist. LEXIS 124179, at * 7-8 (quoting *Strickland* at 689). Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 694.

## III.    Discussion

As noted above, this matter has been remanded for consideration of the second, third and fourth issues presented in Defendant's motion. (Doc. No. 80.) For the following reasons, neither a hearing nor relief is warranted on any of these remaining issues.

### A.    Second Issue: Sufficiency of Evidence Regarding Count III

The second issue presented in Defendant's motion alleges the ineffectiveness of trial counsel for failure to challenge Defendant's plea on direct appeal. (Doc. No. 56 at 22.) In particular, Defendant claims his trial attorney should have challenged the factual basis for the plea with regard to the firearm/aiding and abetting count of the Indictment and should have advised Defendant that he could do so on appeal. *Id.* Defendant is essentially raising a sufficiency of evidence claim regarding the gun involved in this matter and his relation thereto.

4

During the extensive colloquy conducted by the court at the time of Defendant's plea, the court asked Defendant if the facts as stated by the Assistant United States Attorney were accurate and correct.  Defendant responded "not everything."  He and his attorney then engaged in an off-the-record discussion, after which time Defendant's attorney indicated to the court that information pertaining to a phone call Defendant allegedly made to his girlfriend using a different cell phone on or about the day of the robbery was not accurate.  (Plea Tr. 20:18-25, May 26, 2009.)  The following exchange then occurred between the court and Defendant:

| | |
|---|---|
| Court: | Is that correct, Mr. Jackson, that you don't believe that's accurate? |
| Defendant: | Yes. |
| Court: | Okay.  Is there anything else that Mr. Wzorek said that you believe was inaccurate – |
| Defendant: | No, everything – |
| Court: | – or incorrect? |
| Defendant: | – everything else is in place. |
| Court: | Okay. |

(Plea. Tr. 21:2-10.)

In view of the foregoing exchange, Defendant is now precluded from disputing the factual basis for the plea and in particular, facts surrounding the gun used during commission of the offenses.  *See United States v. Massimino*, Nos. 13-3221, 13-3263 & 13-3383, 2016 U.S. App. LEXIS 675, at *22 (3d Cir. Pa. Jan. 15, 2016) ("[A] defendant waives any appellate challenge to the sufficiency of the evidence when he pleads guilty to an offense.") (citing *United States v.*

5

*Maher*, 108 F.3d 1513, 1528-29 (2d Cir. 1997));[2] *see also Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) ("[A] criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues.").

Accordingly, Defendant's second issue is without merit.

### B.      Third Issue: Ineffectiveness for Failure to Investigate

Defendant next claims trial counsel was ineffective for failing to investigate pretrial evidence.  (Doc. No. 58 at 26.)  In particular, Defendant takes issue with regard to the gun and information from a witness regarding Defendant's car as the "get-away" vehicle.

As a preliminary matter, this Court recognizes "when a criminal defendant has pleaded guilty in open court, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the guilty plea."  *United States v. Boomer*, 366 F. App'x 372, 376 (3d Cir. 2010) (internal quotation marks and citations omitted).  With specific regard to the gun and as noted above, Defendant did not contest the gun evidence presented by the government and is prohibited from challenging the sufficiency of same here through the guise of an ineffectiveness claim. *See Bailey*, 2011 U.S. Dist. LEXIS 5136, at *11 (rejecting a § 2255 petitioner's "attempt to recast these arguments as ineffective assistance of counsel claims, so that he may re-litigate matters that previously were decided against him by the district court and by the Third Circuit Court of Appeals.")

---

[2]  This Court further notes that **prior to** a presentation of the facts relied upon in support of the charges, the elements of each offense were clearly explained to Defendant by the court on the record and Defendant affirmed that he understood same.  (Plea Tr. 8:1-25, 9:1-4.)  Despite having been provided with multiple opportunities to challenge the extent to which the government was relying upon information pertaining to the gun to support the charges, Defendant repeatedly failed to do so.  The colloquy speaks for itself.  (Plea Tr. 3-29.)

6

With respect to the car, the government did not rely on any witness statement indicating Defendant's car was used in the robbery in its presentation of the facts at the change of plea hearing. (Plea Tr. 19:14-25.) Whether Defendant's car was or was not used in the commission of the crime was a non-issue for purposes of the government's burden of proof at the time the plea was taken. Most importantly though, during the plea colloquy, Defendant unequivocally stated that he had a sufficient opportunity to discuss his case with counsel and was satisfied with her representation. (Plea Tr. 7:12-16.) The record is devoid of any evidence to the contrary, therefore Defendant's third issue is without merit. *See United States v. Thomas*, 165 F. App'x 138, 141 (3d Cir. 2006) (rejecting a defendant's request to withdraw his guilty plea on the basis of alleged ineffectiveness because said allegations were "undermined by his statements at his plea colloquy that he was satisfied to have his lawyer represent him and that he understood the Government's burden, his waiver of rights, and the charges against him.").

### C.  Fourth Issue: Alleged Ineffectiveness at Sentencing

Lastly, Defendant asserts trial counsel rendered ineffective assistance during sentencing when she allegedly made a "misstatement" during sidebar and did not object to the government's reliance on evidence of the gun. With regard to the latter—and as discussed above— evidence regarding the gun cannot be disputed at this late juncture, therefore there was nothing to contest and counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. Pa. 2000) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.") (citation omitted); *Feliciano v. United States*, Crim. No. 13-327, 2016 U.S. Dist. LEXIS 49457, at *10 (E.D. Pa. Apr. 12, 2016) ("Counsel is not ineffective for failing to raise frivolous issues[.]") (quoting *McAleese v. Mazurkiewicz*, 1 F.3d 159, 169 (3d

7

Cir. 1993)).

With regard to the alleged "misstatement," Defendant refers to a statement trial counsel made to the court at sidebar regarding the stolen money. The transcript of this sidebar conference reflects as follows:

Government:    [T]here was some initial discussion –

Court:    Yes.

Government:    – that, well, if we turn the money in, would we get a 5K, and –

Court:    I see.

Government:    Because it allows you to do the crime and, then, you know, somehow work your way out from underneath it. But that's the only discussions we had.

Court:    Okay. All right.

Def. Counsel:    The only thing I would point out is–is that I did, I believe, at some point, indicate that the reason he wasn't willing to discuss things was fear. I think I did throw that out to you early on and to the agent.

Government:    Gambling–

Def. Counsel:    No. The gambling–the gambling I didn't become aware of until about a week ago to be honest with you, but the–the–you know, in terms of fear of disclosing what's going on with the money, that–that was out there.

(Sent. Tr. 61:25, 62:1-22, Oct. 5, 2009.)

The record is similarly clear that trial counsel argued on behalf of Defendant as follows:

[Defendant] has accepted responsibility for his actions. The Government wants to say, you know, he knows where the money is. He should tell us–and no–there's no evidence from the Government that he even knows where the money is. Again, I would point out that he was arrested the next day. The co-defendant was arrested approximately a week later in a room with a bunch of gentlemen with, I think, lots of hundred dollar bills in their pockets and lots of brand new electronic equipment

8

which would be suggestive of the fact that the co-defendant has a better understanding of where the money is.

So I–I ask the–your–the Court not to hold those things against Mr. Jackson as you consider the sentence.  And, again, I do believe his history and characteristics are what weight heavily in favor of a–a lenient sentence in this case, Your Honor.

(Sent. Tr. 58:20-25, 59:1-11.)

As a preliminary matter, this Court notes that Defendant contested his sentence on direct appeal, at which time he argued that the sentencing court "placed too much weight on the fact that [the defendant] neither returned the stolen money nor furnished information about the money's location." *U.S. v. Jackson*, 390 F. App'x 130, 133 (3d Cir. 2010).  The Third Circuit rejected this claim, finding that the sentencing court did not abuse its discretion because it gave due consideration to all of the § 3553 factors and applied them appropriately to arrive at a sentence that was within the Guidelines. *Id.* at 134.[3]

The issue now before the court—brought under the guise of an ineffectiveness claim—is similarly without merit. In his supporting brief, Defendant claims trial counsel contradicted her own sentencing argument and violated attorney-client privilege when she "disclose[d] in a sidebar that her client knows the money whereabouts[.]" (Doc. No. 56 at 29.)  The record simply does not bear this out.  If—as Defendant maintains—he never told counsel he knew where the money was, there can be no violation of an attorney-client privilege regarding same.  The excerpt relied upon by Defendant to show he never told counsel he knew where the money was, similarly undermines his own argument.  Defendant concedes that in her argument to the court, counsel stated "it's hard for me to argue this without really knowing what really happened and it's hard for the court to

---

[3] Pursuant to 18 U.S.C. § 924(c)(1), Defendant faced a *mandatory consecutive* eighty-four (84)-month sentence.

9

understand without knowing what really happened[.]"  (Doc. No. 56 at 29; Sent. Tr. 57:22-24, 58:1-2.)  This excerpt, when read in its full context, makes clear defense counsel had no knowledge of where the money was, thereby rendering her incapable of violating any attorney-client privilege regarding same:

> The Government indicates that the only plausible explanation for this is greed and I  and, I think, it's hard to be – for me to argue this without really knowing what really happened and it's – hard for the Court to understand without knowing what really happened and Mr. Jackson is the only one that knows what really happened.  And whether Mr. Jackson's not saying what really happened because of greed as the Government suggests or because of fear as – as I – I am suggesting, fear because of potentially, you know, retribution for – if there is money out there that other people have access to it and they don't want him to disclose where it is.
>
> Perhaps it is that he doesn't know where the money [is].  Perhaps it's a combination –  of a lot of things that – and Your Honor having seen many defendants before the Court who have cooperated, many who have not cooperated, I'm sure you're aware that there are many things that go on outside of this courtroom that happen on the street in terms of justice – street justice and things that – repercussions on the street that only this man knows about and have – you know those are his motivating factors.
>
> My – my only point really, Your Honor, is that greed is equally as plausible as fear.

(Sent. Tr. 57:21-24, 58:1-25, 59:1-11.)

Perhaps most important to this Court's analysis, is the fact that ultimately, no prejudice arose from any statements made by defense counsel at sidebar.[4]  Defendant was sentenced well within the recommended Guidelines range and as noted above, the sentence imposed by the court was found to be within its discretion and reasonable.

---

[4]  Again, it was the government who informed the court at sidebar that it had engaged in a discussion with Defendant, wherein Defendant inquired about the possibility of the government seeking a "5K" departure in exchange for information regarding the location of the money. (Sent. Tr. 61:25, 62:1-4.)

**IV.     Conclusion**

For the reasons set forth herein, the second, third and fourth issues contained within

Defendant's Motion to Vacate, Correct, or Set Aside Sentence are without merit.  A Certificate of

Appealability shall not issue, as there is no basis for one.

An appropriate Order follows.

BY THE COURT:


 /s/  C.  Darnell Jones,   II      J.

11